UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA A WESOLEK,

     Plaintiff,

v.                          Case No.:  2:19-cv-463-JES-MRM

LAUREN WESOLEK and BRYAN J
WESOLEK,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses, filed on January 22, 2021.  (Doc. 97).  Specifically, Plaintiff Dana Wesolek seeks to strike the Fifth through Fourteenth Affirmative Defenses asserted in Defendants Bryan J. Wesolek and Lauren Wesolek's Answer to the Second Amended Complaint.  (*Id.* at 1).  Defendants filed a Response in Opposition on February 5, 2021.  (Doc. 98).  This matter is ripe for review.  For the reasons set forth below, the Undersigned recommends that Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses be **GRANTED in part** and **DENIED in part.**

### BACKGROUND

Given the nature of the disputed issues, a brief overview of the procedural history is instructive.  On May 19, 2020, Plaintiff filed the operative complaint in this action, the Second Amended Complaint, alleging that Defendant Bryan made several fraudulent transfers in violation of Florida statutes via:  (1) a ring valued at

$10,944.16 to Defendant Lauren; (2) the sale of 5570 Lee Street; (3) the purchase of a home for Defendant Lauren; and (4) a transfer of $620,000 in cash to Defendant Lauren.  (Doc. 49 at 6-9, 14, 16).

On June 1, 2020, Defendants moved to (1) dismiss Plaintiff's Second Amended Complaint for lack of jurisdiction or, (2) in the alternative, for failure to state a claim or for a more definite statement, and (3) to strike portions of the Second Amended Complaint.  (*See* Doc. 55).  Pertinent to the motion *sub judice*, on December 22, 2020, the Court denied Defendants' motion to the extent it sought to dismiss the Second Amended Complaint.  (*See* Doc. 93).  On January 5, 2021, Defendants filed an Answer and Affirmative Defenses, alleging fifteen affirmative defenses.  (*See* Doc. 93 at 9-19).

Plaintiff now seeks to strike Defendants' Fifth through Fourteenth Affirmative Defenses, arguing that "the bulk of the defenses are not really affirmative defenses but, rather, are belated complaints about the outcome of a marital dissolution proceeding between Dana and Bryan that is long over."  (Doc. 97 at 2).

## LEGAL STANDARD

Fed. R. Civ. P. 8(c) governs affirmative defenses, stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  *Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FtM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (Steele, J.) (quoting *Wright v. Southland*

*Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)).  "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."  *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Nonetheless, "[a] motion to strike is a drastic remedy, which is disfavored by the courts."  *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted).  Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Id.* (quotations omitted).

Additionally, an affirmative defense will be stricken if it is insufficient as a matter of law.  *Herman v. SeaWorld Parks & Entm't, Inc.*, No. 8:14-cv-3028-T-35EAJ, 2015 WL 12859432, at *2 (M.D. Fla. June 16, 2015) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  "A defense is insufficient as a matter of law only if:  (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  *Microsoft Corp. v. Jessee's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor*, 419 F. Supp. at 1000).  Nevertheless, even deficient defenses may survive a motion to strike if they raise relevant and substantial legal and factual questions.  *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).

There is, however, some question as to whether the heightened pleading standard articulated in *Twombly/Iqbal* applies to affirmative defenses. *Compare Herman*, 2015 WL 12859432, at *3 (Scriven, J.) (concluding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses), *with Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FtM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007) and stating "[a] pleader must . . . plead enough facts to state a plausible basis for the claim"). The Court has not found, and the parties do not cite, any binding authority by or within the Eleventh Circuit on this issue. Despite this uncertainty, this Court has previously held that "a defendant is required to plead sufficient relevant factual 'allegations connecting the defense to [the plaintiff's] claims in th[e] case.'" *Daley v. Scott*, No. 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (alterations in original) (citing *Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FtM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015)).

Moreover, "compliance with Rule 8(c) requires a defendant to set forth 'some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint,' so as to provide the plaintiff fair notice of the grounds upon which the defense rests." *Williamceau*, 2017 WL 2544872, at *1 (quoting *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FtM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016)). As a result, "[i]f an affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Merrill*, 2015 WL 4496101, at *1 (quotation omitted).

# ANALYSIS

Against this backdrop, the Undersigned considers Defendants' Fifth through Fourteenth Affirmative Defenses individually below, beginning with the parties' arguments before turning to the analysis.

## I.   Fifth Affirmative Defense

Defendants' Fifth Affirmative Defense raises the doctrine of laches, essentially contending that Plaintiff's delay in liquidating the Via Largo Property caused additional expenses and ultimately a sale below market value.  (*See* Doc. 93 at 11).  Defendants specifically allege that:

> Plaintiff:  (1) did not cooperate with Defendant BRYAN WESOLEK in listing the Via Lago Property for sale (for the purpose of raising funds for the equalization payment); (2) refused and then delayed acceptance of a voluntary transfer of the Via Lago Property; (3) caused the parties to incur unnecessary legal expense by seeking to obtain a commissioner's deed from the Indiana Court (*inter alia*, Plaintiff's Indiana counsel had previously prepared a deed for the Via Lago Property, which had been signed and returned by Defendant BRYAN WESOLEK, but was ultimately invalid because it did not call for witnesses); (4) delayed the listing of the Via Lago Property for sale after obtaining the commissioner's deed, causing additional dues and expenses to accrue; (5) failed to actively market the Via Lago Property for sale; and, (6) after only a few showings, requested approval from the Indiana Court to accept an offer $110,000 less than the value assigned to the Via Lago Property in the Indiana divorce decree (and less than list price by an additional $10,000).

(*Id.* at 11-12 (footnote omitted)).  Accordingly, Defendants assert that because Plaintiff caused the delay and subsequent sale below market value Defendants should not bear all the costs.  (*See id.*).

In her motion, Plaintiff argues that although the defense is titled "laches," it does "not constitute an affirmative defense or a laches defense." (Doc. 97 at 3). Specifically, Plaintiff contends that the allegations do not constitute an affirmative defense because "they do not defeat the claims under the [Florida Uniform Fraudulent Transfer Act ("FUFTA")] asserted in the" Second Amended Complaint. (*Id.* at 3-4). Moreover, Plaintiff maintains that Defendants do not plead laches because they fail to allege that Plaintiff delayed filing the instant lawsuit. (*Id.* at 4-5). Accordingly, Plaintiff argues that Defendants' Fifth Affirmative Defense is due to be stricken. (*Id.* at 5).

In response, Defendants maintain that the Fifth Affirmative Defense is properly pleaded because "Plaintiff's delay in accepting the Via Lago Property, and delay in the sale of the Via Lago Property, caused, *inter alia*, additional amounts to be owed in connection with the Via Lago Property, and additional Indiana legal expenses to be incurred." (Doc. 98 at 3 (emphasis omitted)). Specifically, Defendants argue that Plaintiff unreasonably delayed accepting and selling the Via Lago Property, which was subject to a lien securing the equalization payment, with the intent to increase the debt owed to Plaintiff. (*Id.* at 3-4).[1] Ultimately, Defendants assert that Plaintiff should be unable to recover any extra expenses or interest that arose as a result of her delay. (*Id.* at 4).

---

[1] According to the Second Amended Complaint, the "Equalization Payment" is the amount the Indiana Court ordered Defendant Bryan to pay Plaintiff in the dissolution proceedings. (*See* Doc. 49 at 3-4).

The defense of laches requires that a defendant prove:

> (1) conduct on the part of the defendant giving rise to the situation of which complaint is made; (2) failure of the plaintiff, having had knowledge or notice of the defendant's conduct, to assert her rights by suit; (3) lack of knowledge on the part of the defendant that plaintiff will assert the right on which she bases her suit; and (4) injury or prejudice to the defendant in event relief is accorded to the plaintiff.

*Idoni v. Ungurean*, No. 6:14-cv-102-Orl-41GJK, 2016 WL 7177619, at *5 (M.D. Fla. Mar. 25, 2016) (quotation and citations omitted).

Here, although Defendants do not properly plead laches because they do not plead that Plaintiff unreasonably delayed in filing suit, Defendants assert that Plaintiff unreasonably delayed in the sale of the Via Lago Property, increasing the amount owed to Plaintiff in connection with the property.  (*See* Doc. 93 at 13).  As noted above, however, even deficient defenses may survive a motion to strike if they raise relevant and substantial legal and factual questions.  *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Because the amount owed to Plaintiff under the Equalization Payment is relevant to the claims asserted in the Second Amended Complaint, the Undersigned finds that the defense raises relevant and substantial legal and factual questions and, therefore, should not be stricken.  *See id.*

Moreover, the Undersigned finds that this affirmative defense should not be stricken because it relates, at least tangentially, to the controversy and Plaintiff fails to show that she is prejudiced by the defense.  *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that striking an

affirmative defense is a drastic remedy and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Thus, the Undersigned finds that the defense is sufficient to withstand Plaintiff's motion and recommends that the motion be denied as to the Fifth Affirmative Defense.

## II.    Sixth Affirmative Defense

As their Sixth Affirmative Defense, Defendants assert "Setoff," alleging that Defendant Bryan is entitled to several setoffs for the value of: (1) "the Via Lago Property . . . as of the date that said property was made available for the benefit of Plaintiff;" (2) "post-divorce improvements made, and expenses borne by Defendants during the post-divorce period of time that Plaintiff refused to participate in the sale of Via Lago Property;" (3) "membership interest and the receipt of proceeds associated with the refund of this interest" in the club membership associated with Via Lago; (4) "any post-divorce amounts incurred or drawn against the HELOC obligations by Plaintiff;" and, finally, (5) "amounts drawn against such obligations by Plaintiff which were used for the exclusive benefit of Plaintiff or which otherwise did not go toward expenses associated with the Via Lago Property." (Doc. 93 at 13-14).

Plaintiff argues that this defense is due to be stricken because Defendants fail to plead setoff. (Doc. 97 at 5-6). Specifically, Plaintiff asserts that Defendants actually allege that the debt is less than what is owed to Plaintiff but not that no debt is owed. (*Id.* at 6). Thus, Plaintiff maintains that the defense must be stricken. (*Id.*).

In response, Defendants assert that their Sixth Affirmative Defense is proper because "Plaintiff's obligations under the Indiana divorce decree, and Florida law, result in a debt owed to Defendant, Bryan Wesolek." (Doc. 98 at 4 (emphasis omitted)).  Essentially, Defendants argue that because Plaintiff failed to fulfill the obligations of the Indiana divorce judgment, she owes debts to one or both Defendants and that these debts should be set off against any amount Defendant Bryan owes to Plaintiff.  (*See id.*).

A setoff is "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." *Leader Glob. Sols. LLC v. Yankelewitz*, 283 F. Supp. 3d 1314, 1324 (S.D. Fla. 2017), *aff'd,* 762 F. App'x 629 (11th Cir. 2019).  The purpose of a setoff is to "avoid[] the absurdity of making A pay B when B owes A." *Id.* (quotation omitted).

Here, although Defendants do not properly plead setoff because they do not specifically plead Plaintiff is indebted to either Defendant, Defendants essentially assert that the amount owed to Plaintiff should be reduced for several specific reasons.  (*See* Doc. 93 at 12-14).  As noted above, even deficient defenses may survive a motion to strike if they raise relevant and substantial legal and factual questions.  *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Here, the Undersigned finds that the amount owed to Plaintiff is relevant to the claims asserted in the Second Amended Complaint and the defense, therefore, raises relevant and substantial legal and factual questions.  *See id.*  Indeed, a reduction in the amount Plaintiff is owed

could affect the solvency of Defendant Bryan, which is directly applicable to Count III of Plaintiff's Second Amended Complaint. (*See* Doc. 49 at 16). Specifically, Count III alleges a violation of Fla. Stat. § 726.106(1)-(2), an element of which is the solvency of the defendant. (*Id.*).

Moreover, the Undersigned finds that this affirmative defense should not be stricken because it relates to the controversy and Plaintiff fails to show that she is prejudiced by the defense. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that striking an affirmative defense is a drastic remedy and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Thus, the Undersigned finds that the defense is sufficient to withstand a motion to strike and the Undersigned recommends that the motion be denied as to the Sixth Affirmative Defense.

## III.    Seventh Affirmative Defense

Defendants' Seventh Defense, titled "Release," alleges in full that:

> Plaintiff's demand for a deed to the Via Lago Property from Defendant Bryan Wesolek, and acceptance, constituted a release of the equalization payment debt because the value of the Via Lago Property exceeded the equalization payment amount and Plaintiff obtained exclusive control of the disposition of the Via Lago Property thereafter.

(Doc. 93 at 14).

Plaintiff argues that this defense is due to be stricken because it does not plead release. (Doc. 97 at 6-7). In support, Plaintiff maintains that she did not accept the

deed to the Via Lago Property, but rather the Indiana Court ordered its transfer during the dissolution proceeding.  (*Id.* at 6).  Moreover, Plaintiff asserts that Defendants fail to plead that the parties entered into an agreement in which Plaintiff released, in whole or in part, her claims against Defendants.  (*Id.*).  Plaintiff ultimately contends that rather than pleading release, the affirmative defense merely denies the allegations in the Complaint that relate to the amounts owed to Plaintiff. (*Id.* at 6-7 (citations omitted)).

In response, Defendants argue that the affirmative defense is proper because "Plaintiff sought a post judgment modification of the divorce decree to obtain title to the Via Lago Property."  (Doc. 98 at 5 (emphasis omitted)).  Specifically, Defendants maintain that because Plaintiff sought the involuntary transfer of the deed, "the circumstances . . . give rise to the defense[] of release."  (*Id.*).  Additionally, Defendants argue that because the property was valued in excess of the "equalization payment," Defendants are entitled to either a release or a satisfaction of the debt due. (*Id.*).

A release is an agreement among the parties that modifies or extinguishes the claim itself, essentially terminating the enforceability of a claim.  *See In re W.B. Care Ctr., LLC*, 419 B.R. 62, 73-74 (Bankr. S.D. Fla. 2009) (noting the distinctions between a covenant not to sue and a release).

Here, although Defendants do not properly plead release because they do not specifically plead that Plaintiff agreed to forgo any claims she had in exchange for the Via Lago Property, Defendants essentially assert that transferring title of the Via

Largo Property satisfied the equalization debt.  (*See* Doc. 93 at 14).  As noted above, even deficient defenses may survive a motion to strike if they raise relevant and substantial legal and factual questions.  *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Because the Equalization Payment debt of $1,096,766.63 is one of the debts that Plaintiff alleges she is owed, the Undersigned finds that the defense raises relevant and substantial legal and factual questions.  *See id.*  For example, the satisfaction of this debt could affect the solvency of Defendant Bryan, which is directly applicable to Count III of Plaintiff's Second Amended Complaint.  (*See* Doc. 49 at 16).  Specifically, Count III alleges a violation of Fla. Stat. § 726.106(1)-(2), an element of which is the solvency of the defendant.  (*Id.*).

Moreover, the Undersigned finds that this affirmative defense should not be stricken because it relates to the controversy and Plaintiff fails to show that she is prejudiced by the defense.  *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that striking an affirmative defense is a drastic remedy and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").  Thus, the Undersigned finds that the defense is sufficient to withstand Plaintiff's motion and recommends that the motion be denied as to the Seventh Affirmative Defense.

## IV.    Eighth Affirmative Defense

As their Eighth Affirmative Defense, Defendants plead "Satisfaction & Accord," alleging that because Defendant Bryan "tendered a deed to the Via Lago

Property to Plaintiff, which . . . was accepted by Plaintiff in satisfaction of the equalization payment debt" any debt should be adjusted accordingly.  (Doc. 93 at 14-15).

Plaintiff essentially argues that this affirmative defense is due to be stricken for at least two reasons:  (1) the defense cannot constitute an affirmative defense because it would not defeat Plaintiff's fraudulent transfer claims; and (2) Defendants fail to allege that Defendant "Bryan tendered the deed to [Plaintiff] on the condition that her alleged acceptance constituted a full satisfaction of the Judgment."  (*See* Doc. 97 at 7-8).

In response, Defendants argue that the affirmative defense is proper because "Plaintiff sought a post judgment modification of the divorce decree to obtain title to the Via Lago Property."  (Doc. 98 at 5 (emphasis omitted)).  Specifically, Defendants maintain that because Plaintiff sought the involuntary transfer of the deed, "the circumstances . . . give rise to the defense[] of . . . accord and satisfaction."  (*Id.*).  Defendants argue that because the property was valued in excess of the "equalization payment" shown on the marital balance sheet, Defendants are entitled to either a release or a satisfaction of the debt due.  (*Id.*).

"An accord and satisfaction is the substitution of a new agreement between the parties in satisfaction of a former one, and arises when the agreement is executed and satisfaction has been made."  *Air Prod. & Chemicals, Inc. v. Louisiana Land & Expl. Co.*, 806 F.2d 1524, 1528-29 (11th Cir. 1986) (quoting 10 Fla. Jur. 2d *Compromise,*

*Accord, and Release* § 1 (1979)).  Accord and satisfaction requires that a defendant show:

> (1) an existing dispute between the parties regarding the proper amount owed from one party to the other; (2) a mutual intent to effect a settlement of the existing dispute by a superceding [sic] agreement; and (3) the debtor's tender and the creditor's acceptance of performance of the new agreement in full satisfaction and discharge of the prior disputed obligation.

*Vitality Sys., Inc. v. Sogeval Lab'ys, Inc.*, No. 8:09-cv-200-T-24EAJ, 2009 WL 2147005, at *3 (M.D. Fla. July 16, 2009) (citation omitted).

As an initial matter, the Undersigned finds that Defendants sufficiently pleaded the elements of accord and satisfaction because they specifically pleaded that Plaintiff accepted the Via Lago Property "in satisfaction of the equalization payment debt."  (Doc. 93 at 14-15).  Moreover, although this defense alone may not defeat the FUFTA claims because there are other debts upon which Plaintiff relies, the Undersigned finds that the defense is sufficient to withstand the motion *sub judice*. Specifically, because the Equalization Payment debt of $1,096,766.63 is one of the debts that Plaintiff alleges that she is owed, the Undersigned finds that the defense raises relevant and substantial legal and factual questions.  *See Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Indeed, even if all of Plaintiff's FUFTA claims may not be defeated, the satisfaction of this debt could affect the solvency of Defendant Bryan, which is directly applicable to Count III of Plaintiff's Second Amended Complaint. (*See* Doc. 49 at 16).

14

Moreover, even if the defense were not properly pleaded, the Undersigned finds that it should not be stricken because it relates to the controversy and Plaintiff fails to show that she is prejudiced by the defense. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that striking an affirmative defense is a drastic remedy and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Thus, the Undersigned finds that the defense is sufficient to withstand Plaintiff's motion and recommends that the motion be denied as to the Eighth Affirmative Defense.

## V.     Ninth Affirmative Defense

As the Ninth Affirmative Defense, Defendants plead "Estoppel," alleging that "Plaintiff was offered, but refused, to accept the Lee Street Property as part of the division of property in the Indiana divorce," and as such "Plaintiff is estopped from claiming that the sale of the Lee Street Property by Wesolek Properties, LLC, or a subsequent transfer of proceeds by that entity, were actions taken with the intent to defraud Plaintiff." (Doc. 93 at 15 (citation omitted)).

Plaintiff argues that this affirmative defense is due to be stricken because Defendants fail to plead the elements of estoppel. (Doc. 97 at 8-9 (citations omitted)). Specifically, Plaintiff contends that Defendants fail to plead (1) inconsistent representation, (2) reliance on the representations, and (3) detrimental change in position as a result of the reliance. (*Id.*).

In response, Defendants argue that they pleaded "estoppel because Plaintiff's varying positions with respect to Wesolek Properties, LLC, are inconsistent with her prior position in Indiana, and her present claim for the so-called equalization payment." (Doc. 98 at 5 (emphasis omitted)).  Essentially, Defendants maintain that because Plaintiff represented that she did not want Wesolek Properties, LLC – causing Defendant Bryan to gain control and authorize the sale of the Lee Street Property – Plaintiff cannot now argue that the sale was unauthorized or that she is entitled to the proceeds.  (*See id.*).

To assert the defense of equitable estoppel in Florida, a defendant must plead "(1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *Myers v. Provident Life & Accident Ins. Co.*, 472 F. Supp. 3d 1149, 1166-67 (M.D. Fla. 2020) (quoting *State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004)).

Here, although Defendants fail to properly plead each element of estoppel, Defendants assert that they relied on Plaintiff's refusal "to accept the Lee Street Property as part of the division of property in the Indiana divorce" when Defendant Bryan exercised his control of the company and sold the Lee Street Property.  (*See* Doc. 93 at 14).  As noted above, even deficient defenses may survive a motion to strike if they raise relevant and substantial legal and factual questions.  *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014).  Because the sale of the Lee Street Property and the

subsequent transfer of the proceeds are directly relevant to the claims asserted in the Second Amended Complaint, the Undersigned finds that the defense raises relevant and substantial legal and factual questions. *See id.*

Moreover, the Undersigned notes that this affirmative defense should not be stricken because it relates to the controversy and Plaintiff fails to show that she is prejudiced by the defense. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that striking an affirmative defense is a drastic remedy and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Thus, the Undersigned recommends that the motion be denied as to the Ninth Affirmative Defense.

## VI.   Tenth Affirmative Defense

Defendants plead "Equitable Modification and Accounting" as their Tenth Affirmative Defense. (Doc. 93 at 15). In support, Defendants essentially allege that Plaintiff seeks a windfall recovery and thus her "alleged debt should be adjusted." (*See id.* at 15-17). Additionally, Defendants argue that if her claims are premised upon a purported joint interest in assets, Plaintiff "must [] share in a proportionate amount of the expenses associated with such interest(s) . . . [and] in an equal portion of the depreciation, taxes, and other expenses associated with the Lee Street Property during the period leading up to its sale." (*Id.* at 17).

Plaintiff argues that this affirmative defense is due to be stricken because it has nothing to do with her FUFTA claims and "is just a mishmash of complaints about

putative post-dissolution conduct of the parties and matters before the Indiana dissolution court." (Doc. 97 at 9). In support of striking the Tenth Affirmative Defense, Plaintiff essentially asserts four arguments: (1) that to the extent Defendants seek a Court determination of whether Plaintiff's claim is premised upon joint ownership of certain marital property, the purported defense actually seeks affirmative relief; (2) that to the extent the defense objects to the process of the sale of the Via Lago Property, it should have been raised in the Indiana proceedings; (3) that to the extent the defense relates to a Lake Street Michigan property, it is irrelevant to the Second Amended Complaint; and (4) that to the extent the purported defense requests that Plaintiff share in certain expenses, it again seeks affirmative relief. (*See id.* at 9-10).

In response, Defendants argue that they "are entitled to an equitable accounting, or if appropriate, modification of the Indiana divorce decree in light of the post-judgment positions advanced by Plaintiff." (Doc. 98 at 6 (emphasis omitted)). In support, Defendants maintain that this defense, "describes circumstances which lead to an inflated amount of the underlying debt claimed by Plaintiff, or an unequal distribution of assets inconsistent with the underlying judgment forming part of the claim." (*Id.*). Additionally, Defendants point out that because the Indiana Judgment is domesticated in Florida, it is "subject to equitable modification like an actual Florida judgment." (*Id.* (citations omitted)). Ultimately, Defendants contend that Plaintiff's actions giving rise to the Tenth Affirmative Defense, some of which occurred after Plaintiff filed this Complaint, equate to "an

attempt to obtain a windfall recovery, or at a minimum, to provide a basis on which to seek excessive interest and drive up expenses for Defendant(s)." (*Id.* at 6-7 (footnote omitted)).

The Undersigned finds that despite the harsh remedy of striking an affirmative defense, *see Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002), the Tenth Affirmative Defense is due to be stricken for at least two reasons. First, the Undersigned finds that the Tenth Affirmative Defense does not appear to be an affirmative defense. Rather, it appears to seek a modification of the Indiana divorce decree, an issue not properly before this Court. (*See* Doc. 93 at 16-17). Second, to the extent Defendants may have intended to allege facts sufficient to show that the debt owed to Plaintiff is less than Plaintiff alleges, the Undersigned finds that the defense is not properly pleaded. Specifically, the Undersigned finds that any portion of the defense not seeking affirmative relief is not properly pleaded because it is insufficient "to provide the plaintiff fair notice of the grounds upon which the defense rests." *See Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FtM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (quotation omitted). Such a finding is supported by Plaintiff's statement that she "does not really understand the allegations of the Tenth Affirmative Defense." (*See* Doc. 97 at 9). Accordingly, the Undersigned recommends that Plaintiff's motion be granted as to the Tenth Affirmative Defense, but that Defendants be granted leave to amend the defense.

## VII.   Eleventh Affirmative Defense

As their Eleventh Defense, Defendants plead "Unclean Hands."  (Doc. 93 at

17).  Specifically, Defendants assert that:

> Plaintiff has unclean hands because the unsecured portion
> of the debt alleged to be owed to Plaintiff is related to former
> marital/joint debt obligations with Defendant BRYAN
> WESOLEK (home equity lines of credit) which Plaintiff
> had not satisfied at the time of filing the Second Amended
> Complaint.  Plaintiff has thus been seeking to calculate and
> collect interest based upon amounts which were not
> satisfied by her, and which amounts already accrued
> interest to a lender.
>
> Plaintiff has unclean hands because she is seeking to collect
> a windfall recovery from Defendant by claiming an interest
> in property allocated to Defendant under the Indiana
> divorce decree (e.g., Wesolek Properties, LLC, which
> owned Lee Street Property, or Data Ltd., Inc.), while
> simultaneously claiming exclusive ownership of property
> awarded to her under said decree, and seeking to impose
> and [sic] inordinate and inequitable amount of expenses
> upon Defendant BRYAN WESOLEK.

(Doc. 93 at 18).

Plaintiff moves to strike the defense because Plaintiff does not seek to collect

any of the amounts Defendants identify and "[t]he division of marital property by the

Indiana court is not at issue in this case."  (Doc. 97 at 11).  Additionally, Plaintiff

contends that "the conduct complained of is [not] connected with any of" the alleged

fraudulent transfers.  (*Id.*).  Accordingly, Plaintiff argues that the affirmative defense

is due to be denied.  (*Id.*).

Defendants respond that "[t]he allegations of the Eleventh Defense show

unclean hands sufficient to grant a reduction in any deficiency still owed following

application of a credit for the Via Lago Property[,]" because it is "intertwined with the allegations of the Second Amended Complaint." (Doc. 98 at 7 (emphasis omitted)). Specifically, Defendants contend that Plaintiff seeks to recover inflated amounts related to the obligations under the dissolution decree and that she "seeks to assert ownership of a disproportionate and inconsistent amount of former marital property in order to obtain a windfall recovery." (*Id.*).

To assert the defense of unclean hands, a defendant must (1) show that the plaintiff's wrongdoing is "directly related to the claim against which it is asserted," and (2) show that that the defendant was injured by the plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993). Florida courts have construed "directly related" to be more than "just the same kind of conduct." *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-cv-267-FtM-99SPC, 2011 WL 13137385, at *2 (M.D. Fla. May 24, 2011), *report and recommendation adopted,* No. 2:09-cv-267, 2011 WL 13137386 (M.D. Fla. Nov. 15, 2011). Rather, "the connection between the unclean-hands conduct and the matter in litigation is to be very close." *Id.* (quotation omitted).

Here, the Undersigned finds that Defendants adequately pleaded the elements of unclean hands. Defendants essentially assert that the amount of the alleged debt Plaintiff seeks to collect in the FUFTA matter is exaggerated because of her unfulfilled obligations under the Indiana Dissolution Judgment. Additionally, the conduct complained of is sufficiently close in connection to the matter in litigation because the conduct concerns the amount of the debt allegedly owed to Plaintiff.

(*See* Doc. 97 at 11). Without a debt owed to Plaintiff, she would have no cause of action under FUFTA. Additionally, even if the debt were to only be reduced, the reduction directly relates to Count III of Plaintiff's Second Amended Complaint. (*See* Doc. 49 at 16). Specifically, Count III alleges a violation of Fla. Stat. § 726.106(1)-(2), an element of which is the solvency of the defendant. (*Id.*). Thus, the defense would be sufficient to withstand the motion *sub judice* because it raises relevant and substantial legal and factual questions. *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014). Accordingly, the Undersigned finds that Defendants' Eleventh Defense is sufficient to withstand Plaintiff's Motion to Strike and, therefore, recommends the motion be denied as to this affirmative defense.

## VIII.  Twelfth Affirmative Defense

As their Twelfth Affirmative Defense, Defendants again assert "Setoff," arguing that Defendant Bryan is entitled to a setoff for the damages and expenses incurred as an indemnitor of Slurry Systems, Inc., for the former marital funds contributed by Plaintiff to Slurry Systems, Inc., and for the value of assets received by Plaintiff from Slurry Systems, Inc. during the time in which Slurry Systems, Inc. was indebted to Defendant Bryan. (Doc. 93 at 18).

Plaintiff does not appear to offer any argument in support of striking the Twelfth Affirmative Defense. (*See* Doc. 97). Indeed, the only reference to the Twelfth Affirmative Defense is a confusing sentence at the close of her argument in support of striking the Eleventh Affirmative Defense: "For the same reasons,

Defendants' claim that the Fifth, Ninth and Twelfth Affirmative Defenses are barred by unclean hands also fails."  (*See id.* at 11).

Given the drastic nature of a motion to strike, *see Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted), the Undersigned recommends that Plaintiff's motion be denied as to the Twelfth Affirmative Defense because Plaintiff fails to make any specific argument in support of her position and because the amount owed to Plaintiff is directly relevant to the claims raised in the Second Amended Complaint.

## IX.   Thirteenth Affirmative Defense

As their Thirteenth Affirmative Defense, Defendants raise "Collateral Estoppel," asserting that "Plaintiff's claims for fraudulent transfer as to the Wedding Ring are barred by the doctrine of collateral estoppel because any issues related to the Wedding Ring could and should have been raised in the context of the Indiana Divorce proceeding, prior to entry of the divorce decree."  (Doc. 93 at 18).

Plaintiff offers no argument in support of striking the Thirteenth Affirmative Defense.  (*See* Doc. 97).

Given the drastic nature of a motion to strike, *see Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted), the Undersigned recommends that Plaintiff's motion be denied as to the Thirteenth Affirmative Defense because Plaintiff fails to proffer argument in support of her position and because the Wedding Ring is directly relevant to the claims raised in the Second Amended Complaint.

## X.      Fourteenth Affirmative Defense

As their Fourteenth Affirmative Defense, Defendants assert "Failure to Join Required Party" and allege that "Plaintiff's claims for fraudulent transfer are barred for failure to join a required party, Wesolek Properties, LLC," the seller of the Lee Street Property and purchaser of the Mar Lago House.  (Doc. 93 at 19).

According to Plaintiff, this affirmative defense is due to be stricken for at least two reasons:  (1) the defense is a mere denial that Defendant Bryan transferred the funds to Defendant Lauren; and (2) Defendant Bryan lacks standing to assert the defense because "[t]here is . . . nothing alleged in the Fourteenth Affirmative Defense that would preclude the Court from affording complete relief to the parties currently in the lawsuit as pleaded by the" Second Amended Complaint.  (Doc. 97 at 12 (citations omitted)).

In response, Defendants argue that "Plaintiff should join the non-party entity which Plaintiff alleges to have transferred proceeds used for the purchase of the Mar Lago Property, and any other corporate entities which Plaintiff contends to have engaged in a transfer that Plaintiff attributes to Defendant, Bryan Wesolek, individually."  (Doc. 98 at 7 (emphasis omitted)).  In support, Defendants note that "Plaintiff's claims [are] premised largely on the distribution of proceeds from the sale of the Lee Street Property, which was owned by Wesolek Properties, LLC, for many years prior to the divorce between Plaintiff and [Defendant Bryan]" and that "Plaintiff[] also takes issue with the use of settlement proceeds accruing to Data, Ltd., after entry of the divorce decree."  (*Id.* at 7-8).  Defendants maintain that these

entities are not indebted to Plaintiff and ownership and control of both entities should have vested fully in Defendant Bryan.  (*Id.* at 8).  Thus, Defendants assert that "[i]f Plaintiff claims a post-divorce interest in Wesolek Properties, LLC, as a basis for the claim of fraudulent transfer, then Wesolek Properties, LLC, should be joined as a required party in order to afford complete relief among" the parties and that "Data, Ltd., would also presumably be a required party."  (*Id.*).

The Undersigned finds that the allegations in this affirmative defense amount to an alleged defect in Plaintiff's prima facie case – *i.e.*, whether the sale of the Lee Street Property and the subsequent purchase of the Mar Lago House equates to a fraudulent transfer or even equates to a transfer by Defendant Bryan.  The Eleventh Circuit has held that a "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."  *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).  As a result, the Undersigned finds that this defense is improperly asserted as an affirmative defense.

Nevertheless, the proper remedy is not to strike the improper affirmative defense, but rather to construe it as a denial.  *See Maglione-Chenault v. Douglas Realty & Dev., Inc.*, No. 2:13-cv-00811-FtM-SPC-CM, 2014 WL 1389575, at *3 (M.D. Fla. Apr. 9, 2014) (citation omitted).  Accordingly, the Undersigned recommends that the motion be denied with regard to the Fourteenth Affirmative Defense and that the presiding United States District Judge construe this defense as a denial.

**CONCLUSION**

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS**

that:

1. Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses

   (Doc. 97) be **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiff's motion be **GRANTED** as to Defendants' Tenth

   Affirmative Defense and the defense be stricken without

   prejudice to Defendants' ability to amend.

   b. Plaintiff's motion be **DENIED** as to Defendants' Fifth,

   Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth,

   Thirteenth, and Fourteenth Affirmative Defenses.

   c. Defendants' Fourteenth Affirmative Defense be construed

   as a denial.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida

on May 25, 2021.

_____

Mac R. McCoy
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties